

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-1879
Re: May the father of a minor,
who resides in Austin, Texas,
a city of 10,000 inhabitants
or more, and who will become
twenty-one years of age
April 14, 1940, and who is
attending Texas A. & M. Col-
lege, secure an exemption
certificate for his son?

Your letter of recent date, requesting the opinion of this
department on the above question, has been given our careful
consideration.

Article 2968, Revised Statutes of Texas, 1925, as amended, as
pertinent hereto, provides:

"Every person who is exempted by law from the payment of a poll
tax, and who is in other respects a qualified voter, who resides
in a city of ten thousand (10,000) inhabitants or more, shall
before the 1st day of February of the year when such voter shall
have become entitled to such exemption obtain from the Tax
Collector of the county of his or her residence, a certificate
showing his or her exemption from the payment of a poll tax.
* * *"

This statute, the only one dealing with exemption certificates as
to residents of cities of 10,000 inhabitants, or more, in no
manner provides for or contemplates the securing of an exemption
certificate by an agent.

Furthermore, the terminology of the form of the certificate of
exemption, set out in Article 2968, supra, clearly indicates
that the person applying for the exemption certificate shall
personally appear before the Tax Collector. This form as set
out in the statute, reads as follows:

"CERTIFICATE OF EXEMPTION FROM THE PAYMENT OF POLL TAX

The State of Texas, County of _____, Precinct No. ____.

I, _____, Tax Collector for said County, of the State of Texas, do hereby certify that ____, personally appeared before me on the ____ day of _____, A. D. 19__, that his race is ____, that _____ he is _____ years old, that he has resided in the State of Texas for ___ years, in ____ County for ___ years, and in ____ Texas, for ___ years; and that he now and has for the past ___ years resided in Precinct No. ____ in Ward No. ___ in said City, and that his street number is No. ___ Street; that _____ he is exempt from the payment of a poll tax by reason of ____; and that he is a qualified voter under the Constitution and laws of the State of Texas, and that such exemption from payment of poll tax is _____. (temporary or permanent, as the case may be)

If this certificate is permanent, it need not be renewed or reissued yearly but is required to be renewed or reissued in the event of removal from the voting precinct of the residence of the voter in which the same was issued to him.

Given under my hand and seal of office, this the ___ day of _____, A. D. 19____.

(SEAL)                              (Signed)_____
                              Tax Collector, _____ County, Texas"


You are therefore respectfully advised that the question propounded by you should be answered in the negative; namely, that under the facts as stated above, the father of a minor, who will become twenty-one years of age April 14, 1940, may not secure an exemption certificate for his son, the son being compelled under the statutes of Texas, to personally apply therefor.

Trusting we have satisfactorily answered your inquiry we remain

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS

                              s/ Zollie C. Steakley

                              By

                                   Zollie C. Steakley
                                   Assistant

ACS:cb/cge

APPROVED JANUARY 29, 1940
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman